```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
KENNETH MOXEY,
                                             E.D. Bankr. Case
                        Appellant,           No. 8-12-74340(AST)

        -against-                            Adv. Pro.
                                             No. 8-13-8108(AST)
ROBERT L. PRYOR, MPJM CRUSH HOLDINGS,
LLC, V-JAMA HOLDINGS, LLC, MAAAS             MEMORANDUM & ORDER
ENTERPRISES, LP, TUTHILL FINANCE LP,         15-CV-1279 (JS)
and DAVID A. BETRON,                         15-CV-1280 (JS)
                                             15-CV-1281 (JS)
                        Appellees.
----------------------------------------X
APPEARANCES
For Appellant:          Kenneth Moxey, pro se
                        923 Custer Street
                        Valley Stream, New York 11580


For Appellees:
Robert L. Pryor:        Anthony F. Giuliano, Esq.
                        Justin L. Rappaport, Esq.
                        Pryor & Mandelup, LLP
                        675 Old Country Road
                        Westbury, New York 11590

MPJM Crush Holdings,
LLC, V-Jama Holdings,
LLC, Maaas
Enterprises, LP:        Bruce L. Weiner, Esq.
                        Rosenberg Musso & Weiner LLP
                        26 Court Street, Suite 2211
                        Brooklyn, New York 11242

Tuthill Finance LP:     Bruce Minkoff, Esq.
                        Robinowitz Cohlan Dubow & Doherty, LLP
                        199 Main Street, 5th Floor
                        White Plains, New York 10601

David A. Betron:        Andrew Oliveras, Esq.
                        26 Strangford Court
                        Oceanside, New York 11572
```

SEYBERT, District Judge:

Kevin Moxey ("Moxey" or "Appellant") is the debtor in a Chapter 7 bankruptcy proceeding, Case No. 8-12-74340, and a related adversary proceeding, Case No. 8-13-8108. Those actions were before Judge Alan Trust in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). Moxey appeals from three of the Bankruptcy Court's Orders in those proceedings. For the following reasons, this Court AFFIRMS the Bankruptcy Court's Orders.

BACKGROUND

The Court assumes familiarity with the facts of this case, which are chronicled in the Court's Memorandum and Order dated August 25, 2015. See Moxey v. Pryor, No. 14-CV-6972, 2015 WL 5024746, at *1-3 (E.D.N.Y. Aug. 25, 2015). The salient details are discussed below.

This case stems from Moxey's loss of real property located in Brooklyn, New York. (Order Denying Appellant's Stay Mot., Docket Entry 1-1, at 1.)[1] Since then, he has waged a protracted legal battle in Bankruptcy Court, filing motion after motion. Presently, all of his claims have been dismissed. Three motions are relevant here: (1) a motion requesting the recusal of Judge Trust (the "Recusal Motion"); (2) a request for

---

[1] Unless otherwise specified, all references to docket entries correspond to the docket for Case No. 15-CV-1281.

2

certification of his appeals for direct appeal to the U.S. Court of Appeals for the Second Circuit (the "Certification Request"); and (3) a motion to stay various orders issued by the Bankruptcy Court (the "Stay Motion").[2] (Order Denying Appellant's Stay Mot. at 2-3.) Moxey has appealed the corresponding Orders issued by the Bankruptcy Court.[3] In all three appeals, Moxey primarily argues that the Bankruptcy Court "abused its authority" by giving preferential treatment to Defendants, who are Caucasian, over Moxey, who is African-American. (Order Denying Appellant's Stay Mot. at 4.)

DISCUSSION

The Court will first discuss the applicable standard of review before considering each of Moxey's challenges.

I. Standard of Review

A district court acts as an appellate court in reviewing judgments rendered by the Bankruptcy Courts. Fed. R. Bankr. P. 8013; In re Cody, Inc., 338 F.3d 89, 94 (2d

---

[2] The Recusal Motion can be found at Case No. 15-CV-1279, Docket Entry 2-2, at 4-27. The Certification Request can be found at Case No. 15-CV-1280, Docket Entry 2-2, at 112-13. The Stay Motion can be found at Docket Entry 3-2 at 5-12.

[3] The Court notes that Moxey's Notice of Appeal documents incorrectly refer to the Stay Motion but his briefs correctly refer to the Recusal Motion. The Bankruptcy Court's Order denying the Recusal Motion can be found at Case No. 15-CV-1279, Docket Entry 2-2, at 252-56.

The Bankruptcy Court's Order denying the Certification Request can be found at Case No. 15-CV-1280, Docket Entry 1-2.

Cir. 2003). The Bankruptcy Court's findings of fact are reviewed for clear error. In re Kalikow, 602 F.3d 82, 91 (2d Cir. 2010). "A factual finding is clearly erroneous only if . . . the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Ortega v. Duncan, 333 F.3d 102, 106-07 (2d Cir. 2003) (internal quotation marks and citation omitted). Conclusions of law are reviewed de novo. Kalikow, 602 F.3d at 91.

II. Recusal Motion

Moxey first challenges the Bankruptcy Court's Order denying the Recusal Motion. (Appellant's Recusal Br., Case No. 15-CV-1279, Docket Entry 3.) But this Court finds no error in the Bankruptcy Court's ruling.

Under Federal Rule of Bankruptcy Procedure 5004, "[a] bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arise[] or, if appropriate, shall be disqualified from presiding over the case." Fed. R. Bankr. P. 5004(a). Particularly, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). True enough, recusal is appropriate when "an objective, disinterested observer fully informed of the underlying facts [would]

4

entertain significant doubt that justice would be done absent recusal." Diamondstone v. Macaluso, 148 F.3d 113, 121 (2d Cir. 1998). Section 455(b) of Title 28 enumerates several examples where recusal is appropriate, none of which are applicable. See 28 U.S.C. § 455(b)(1)-(5).

Here, a disinterested observer could not reasonably question Judge Trust's impartiality. First, Moxey alleges that Judge Trust has a race-related bias against him. (See, e.g., Recusal Mot. ¶ 40 at 11 ("Judge Trust is protecting White Businessmen who exploit the Black community . . . .").) Yet the Court finds these claims are entirely unfounded because Moxey proceeds solely through innuendo and cites no specific allegations of racial animus. Moxey, moreover, has not presented any evidence that Judge Trust acted with "a high degree of favoritism or antagonism" toward any party. (See Appellant's Recusal Br. at 18.) Rather, it appears that Moxey simply disagrees with the Bankruptcy Court's rulings against him. But it is well settled that a motion for recusal "may be made only on the basis of alleged bias or prejudice from an extrajudicial source," not upon a court's rulings or conduct. See Goodwine v. Nat'l R.R. Passenger Corp., No. 12-CV-3882, 2014 WL 37850, at *2 (E.D.N.Y. Jan. 6, 2014) (internal quotation marks and citation omitted); United States v. El-Gabrowny, 844 F. Supp. 955, 959 (S.D.N.Y. 1994) ("[B]ecause it is in the

5

nature of a judge's job to rule, and any ruling must favor one side and disfavor the other, rulings during the course of a case generally are not regarded as evidence of bias . . . ."). Thus, the Bankruptcy Court's denial of the Recusal Motion is AFFIRMED.

III. Certification Request

Next, Moxey alleges that the Bankruptcy Court erred when it denied his Certification Request. (Appellant's Certification Br., Case No. 15-CV-1280, Docket Entry 3.) The Court disagrees.

As an initial matter, Moxey bases his Certification Request on the argument that the Bankruptcy Court's Order "involves a question of law requiring resolution of conflicting decisions." (See Certification Request at 112.) Section 158 of Title 28 permits the Bankruptcy Court to certify a direct appeal of a court order on this basis. 28 U.S.C. § 158(d)(2)(A)(ii). In other words, an appellant must identify a split of authority that requires the Second Circuit's intervention. In re Gen. Motors Corp., 409 B.R. 24, 28 (Bankr. S.D.N.Y. 2009).

But Moxey has failed to do so. Rather, he repeats the refrain of his prior motions, specifically the allegations of race-related bias. (See generally Appellant's Certification Br.) To be sure, Moxey cites a number of cases in his brief. None of the cited authority, however, is not in conflict, nor do the cases relate to the validity of the Certification Request.

6

Thus, the Bankruptcy Court's denial of the Certification Request is AFFIRMED.

IV. <u>Stay Motion</u>

Finally, Moxey challenges the Bankruptcy Court's Order denying his Stay Motion. (Appellant's Am. Stay Br., Docket Entry 7.) As a preliminary matter, Moxey is seeking to stay the following Orders:

   a. Docket Entry 148 – An Order denying Moxey's second motion to remand (the "Remand Order");

   b. Docket Entry 150 – An Order granting motions to dismiss and denying Moxey's motion to amend (the "Dismissal Order");

   c. Docket Entry 152 – An Order denying Moxey's motions for orders vacating and/or staying the Court's July 16, 2014 Order, imposing sanctions, and directing Moxey to appear and testify (the "Discovery Sanctions Order");

   d. Docket Entry 157 – An Order setting a hearing date for Rule 9011 sanctions (the "Rule 9011 Sanctions Order"); and

   e. Docket Entry 163 – An Order clarifying the hearing on Rule 9011 sanctions and setting briefing schedules for replies to Moxey's certification motion (the "Protocol Order").[4]

---

[4] These Docket Entries can be found on the docket for Bankruptcy Case No. 8-13-8108.

7

(Notice of Stay Mot. at 2.)[5]  But this challenge suffers from three fatal flaws.

First, Moxey failed to validly appeal these orders. The Remand, the Dismissal, and the Discovery Sanctions Orders were each entered on November 25, 2014; the 9011 Sanctions Order was entered on December 3, 2014, and the Protocol Order was entered on December 18, 2014.  Under Federal Rule of Bankruptcy 8002(a), "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."  Fed. R. Bankr. P. 8002(a). Moxey, however, only filed a request for a direct appeal to the Second Circuit on December 9, 2014.  (Case No. 8-13-8108, Docket Entry 160-1.)[6]  The docket does not contain any entries showing that Moxey filed a Notice of Appeal to this Court for his various Orders.  His failure to do so bars his claims.

Second, with the exception of the Discovery Sanctions Order, a stay cannot provide any affirmative relief here.[7] Staying the Remand and the Dismissal Orders could provide no discernible relief, as there are no specific actions or

---

[5] The Notice of Stay Motion can be found at Docket Entry 3-2 at 1-4.

[6] The Bankruptcy Court denied that request on February 25, 2015. (Case No. 8-13-8108, Docket Entry 187.)

[7] The Bankruptcy Court levied $5,250 in sanctions against Moxey. (Case No. 8-13-8108, Docket Entry 152.)

8

proceedings that can be stayed. And both the Rule 9011 Sanctions and the Protocol Orders merely set a hearing date, which took place on January 20, 2015. (See Case No. 8-13-8108.)

Third, even if Moxey validly appealed the various Orders, Moxey's Stay Motion fails on the merits. The determination of whether to grant a stay is the Bankruptcy Court's to make and thus is reviewed for "abuse of discretion." See In re Adelphia Commc'ns Corp., 361 B.R. 337, 346 n.31 (Bankr. S.D.N.Y. 2007) (internal quotation marks omitted) (collecting cases). In reaching this determination, four factors are relevant: "'(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected.'" In re TE Roslyn LLC, No. 12-71112, 2012 WL 3063991, at *3 (Bankr. E.D.N.Y. July 26, 2012) (quoting In re Taub, 470 B.R. 273, 277-78 (E.D.N.Y. 2012)); Hirschfield v. Bd. of Elections in the City of N.Y., 984 F.2d 35, 39 (2d Cir. 1992) (collecting cases). No one factor is dispositive, as the Court must "engage[] in a balancing process." In re Gen. Motors Corp., 409 B.R. at 30. Moxey, as the moving party, bears the "heavy" burden in proving an entitlement to stay. Id.; United States v. Private Sanitation

9

Indus. Ass'n of Nassau/Suffolk, Inc., 44 F.3d 1082, 1084 (2d Cir. 1995) ("A party seeking a stay of a lower court's order bears a difficult burden.").

A. Irreparable Harm

Moxey has failed to demonstrate any irreparable harm. As stated above, Moxey was sanctioned for his conduct, and a stay is otherwise inapplicable for the remaining Orders Moxey is appealing.

B. Substantial Possibility of Success on the Merits

Moxey has likewise failed to demonstrate a substantial possibility of success on the merits--"[t]he single most important factor" of this Court's analysis. In re Taub, 470 B.R. at 278. Various portions of Moxey's papers present the same allegations of racism contained in his other motions. (See, e.g., Stay Mot. at 8 ("[T]he court is bias[ed] against Moxey and plaintiff filed a motion for judicial recusal.") and Appellant's Am. Stay Br. at 20 ("[T]he bankruptcy court cannot even muster the appearance of impartiality and Judge Trust reveal[ed] a high degree of favoritism or antagonism.").) Elsewhere, Moxey argues that a stay should be granted based on a supposed ex parte communication between the Court and Defendant Tuthill Finance ("Tuthill"), (Stay Mot. at 6, ¶¶ 2-3), but this communication was actually an e-mail from the Court to Tuthill's

counsel, which was copied to Moxey. (Order Denying Appellant's Stay Mot. at 4.)

Moxey, moreover, asserts the same arguments rejected in the Bankruptcy Court's prior orders. (See, e.g., Appellant's Am. Stay Br. at 2-3 (listing the issues of Moxey's motion).) Indeed, the Bankruptcy Court already addressed, among other things, (1) Defendants' Barton doctrine defense, (2) Moxey's arguments regarding the enforceability of a note and mortgage, (3) Moxey's collateral attack of a certain order, and (4) Moxey's lack of standing to bring an adversary proceeding against Defendant Tuthill. See In re Moxey, 522 B.R. 428, 435 n.6, 439-42 (Bankr. E.D.N.Y. 2014). The Court finds the Bankruptcy Court's opinion to be well-reasoned, and Moxey offers no basis, in fact or in law, to hold otherwise.

### C. Injury to Other Parties

The third factor of the analysis looks to the harm that could befall the parties opposing the stay. This Court follows the Bankruptcy Court's lead and finds that this factor is inapplicable because a stay would not necessarily cause any substantial harm to Defendants. (See Order Denying Appellant's Stay Mot. at 6.)

### D. Public Interest

The final factor looks to the public interest. The Court must contemplate the just, speedy, and inexpensive

resolutions of civil disputes. 28 U.S.C. § 471. In that regard, the Court will consider "'the expeditious administration of bankruptcy cases [which] is impaired by obstructing the trustee's efforts to collect, liquidate and distribute assets to creditors of the estate.'" In re Albicocco, No. 06-CV-3409, 2006 WL 2620464, at *4 n.8 (E.D.N.Y. Sept. 13, 2006) (quoting In re Metiom, Inc., 318 B.R. 263, 272 (S.D.N.Y. 2004)) (alteration in original). Moxey has not offered any public interest concerns, and the Court emphasizes that he has filed a number of motions that the Bankruptcy Court found to be baseless. Thus, the public interest will not be served by delaying this dispute any further.

    E.    Balancing

Considering all of the above factors, Moxey has not demonstrated that a stay is warranted pending appeal. Critically, Moxey has not shown a substantial possibility of success on the merits. Thus, the Bankruptcy Court's denial of the Stay Motion is AFFIRMED.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]

## CONCLUSION

The Bankruptcy Court's denial of Appellant Kenneth Moxey's Recusal Motion, his Certification Request, and his Stay Motion is AFFIRMED. The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Appellant and to mark these appeals CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  16 , 2016
       Central Islip, New York